UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| ROUTE 65 MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Defendant is a Massachusetts corporation that does business in Tennessee. Its registered agent for service of process in Tennessee is Matthew J. Campobasso, 9100A Carothers Parkway, Franklin, Tennessee, 37067.

3. Defendant owns and operates numerous Dunkin' Donuts franchises located in the Middle Tennessee area and in other states.

4. Plaintiff was employed by Defendant as a district manager from approximately July 1, 2018 through August 3, 2018.

5. During the entire time that Plaintiff was employed by Defendant, he underwent training for his position. Plaintiff received most of his training at one of Defendant's Dunkin' Donuts restaurants located on Lebanon Road in Old Hickory, Davidson County, Tennessee, where he generally worked a standard schedule of 6:00 a.m. until 5:00 p.m., Monday through

Friday.

6. In addition to his standard work schedule, Plaintiff was required to perform work homework that included reading and answering questions in his training notebook/binder, and reading, watching videos, and answering questions online on the Dunkin' Brands University internet portal.

7. Plaintiff was paid an hourly rate for his work while training.

8. More specifically, Defendant agreed to pay Plaintiff a regular hourly rate of $22.73 for his work.

9. Plaintiff worked hours for which he was not paid at his agreed-upon hourly rate.

10. During two workweeks of his employment, Plaintiff was paid less than $7.25 an hour for his work.

11. In fact, Plaintiff was not paid any compensation at all for his work during one of the workweeks of his employment.

12. Plaintiff routinely worked overtime hours of more than 40 hours per workweek while he was employed by Defendant.

13. Defendant routinely failed to compensate Plaintiff for overtime hours at a rate of one and one-half times his regular rate of pay.

### Count 1—Violations of Fair Labor Standards Act

14. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-13 above.

15. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

16. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

17. While Plaintiff was employed by Defendant, he was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

18. While Plaintiff was employed by Defendant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceeded $500,000.00.

19. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

**Minimum Wage Violations**

20. Pursuant to Section 206(a)(1)(C) of the FLSA, Defendant was required to pay Plaintiff a minimum wage of at least $7.25 an hour during each workweek of his employment.

21. Defendant's failure to pay Plaintiff at least the minimum wage during each workweek of his employment is a violation of Section 206(a)(1)(C) of the FLSA.

22. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for minimum wage back pay.

23. In addition to the amount of unpaid minimum wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

24. Plaintiff is entitled to an award of attorney's fees and costs, pursuant to 29 U.S.C. § 216(b), as a result of Defendant's minimum wage violations.

**Overtime Violations**

25. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

26. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked was a violation of Section 207(a)(1) of the FLSA.

27. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

28. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

29. Plaintiff is entitled to an award of attorney's fees and costs, pursuant to 29 U.S.C. § 216(b), as a result of Defendant's overtime violations.

### Count 2—Breach of Contract Under Tennessee State Law

30. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-29 above.

31. Defendant's agreement to pay Plaintiff a regular hourly rate of $22.73 for his work is an enforceable contract under Tennessee law.

32. By failing to compensate Plaintiff for all hours worked at a rate of at least $22.73 an hour, Defendant breached its contract with Plaintiff.

33. As a result of Defendant's breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the compensation he failed to receive for his work at his agreed-upon hourly rate.

### Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) minimum wage back pay;

(b) liquidated damages in an amount equal to his minimum wage back pay;

(c) overtime back pay;

(d) liquidated damages in an amount equal to his overtime back pay;

(e) unpaid wages as damages resulting from Defendant's breach of contract;

(f) interest;

(g) reasonable attorney's fees and costs; and

(h) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., GA Bar #387630
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com